IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN R. YANCHAK and
PATRICIA S. YANCHAK,

      Plaintiffs,

v.                              Civil Action No. 5:10CV128
                                        (STAMP)

TRACY L. LINDH, THOMAS LINDH and
YOUTH SERVICES SYSTEM, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT, YOUTH SERVICES SYSTEM, INC.'S
MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

## I.  Background

On July 21, 2010, the plaintiffs, John and Patricia Yanchak, filed a complaint in the Circuit Court of Ohio County, West Virginia against defendants Tracy and Thomas Lindh.  The complaint set forth a claim of negligence against the Lindhs arising out of a motor vehicle accident that occurred on July 25, 2008. Specifically, the complaint alleged that Tracy Lindh failed to exercise due care and other safety precautions while driving an automobile titled in her husband's name, thus causing a collision with the motorcycle being operated by John Yanchak.  The plaintiffs alleged that as a result of the accident, John Yanchak suffered severe and permanent injuries and Patricia Yanchak suffered severe emotional distress in witnessing the injuries of her husband, as well as a loss of consortium.  The plaintiffs also claimed that Thomas Lindh had negligently entrusted Tracy Lindh with the control

of his automobile at the time of the accident.  The Lindhs removed the case to this Court on November 30, 2010.

On November 28, 2011, counsel for the plaintiffs informed this Court that the plaintiffs had reached a settlement regarding all claims against Tracy and Thomas Lindh.  Also on November 28, 2011, the plaintiffs filed a motion for leave of court to amend the complaint.  In their motion for leave to amend, the plaintiffs stated that during a discovery deposition of Tracy Lindh,[1] they learned that Tracy Lindh may have been acting in the course and scope of her employment at the time of the underlying motor vehicle accident.  Thus, the plaintiffs sought to add Tracy Lindh's employer, Youth Services System, Inc. ("Youth Services"), as a defendant.  The Lindhs filed a document titled "Defendants' Consent for Plaintiffs to Amend Complaint," in which they stated that the plaintiffs should be able to amend their complaint to join an additional party.

On November 30, 2011, this Court issued an order dismissing with prejudice the civil action as against Tracy and Thomas Lindh, granting the plaintiffs' unopposed motion for leave to amend the complaint, directing the Clerk to file the amended complaint, and directing the plaintiffs to serve the amended complaint upon Youth Services.  The first amended complaint was filed on November 30, 2011.  It adds Youth Services as a defendant and alleges that at

---

[1]This telephonic deposition was taken on October 27, 2011.

the time of the accident, Tracy Lindh was traveling for the sole purpose of attending a work-related meeting for her employer, Youth Services.

On December 30, 2011, Youth Services filed a motion to dismiss the first amended complaint.  In support of its motion to dismiss, Youth Services argues that because the plaintiffs' right to bring a negligence claim accrued on or about July 25, 2008 (the date of the accident), but the plaintiffs did not assert a negligence claim against it until November 30, 2011, the plaintiffs failed to assert the claim within the applicable two-year statute of limitations.

The plaintiffs filed a response in opposition to the motion to dismiss on January 20, 2012, in which they argue that they did not become aware of the fact that Tracy Lindh was operating the vehicle within the course and scope of her employment until her deposition on October 27, 2011.  According to the plaintiffs, the whereabouts of the Lindhs were unknown in 2010 because the Lindhs had moved to Sweden.[2]  The plaintiffs also argue that Youth Services had notice of the claim immediately after the accident because Tracy Lindh called her office to report the collision.  For these reasons, the

---

[2]The plaintiffs claim that the Lindhs moved to Sweden at some point during calendar year 2010.  (Pls.' Resp. ¶ 5.)  Although the plaintiffs did not have an address for the Lindhs in Sweden, the plaintiffs acknowledge that the Lindhs, through counsel, did file an answer to the original complaint on December 1, 2010.  (Pls.' Resp. ¶ 6.)

plaintiffs argue that the Court should apply the relation-back doctrine and the discovery rule.

On February 2, 2012, Youth Services filed a reply in which it argues: (1) the plaintiffs have failed to establish the essential elements for application of the discovery rule; and (2) the plaintiffs have failed to establish the mandatory elements of the relation-back doctrine.  Youth Services' motion to dismiss the first amended complaint is currently pending before this Court. For the reasons set forth below, this Court finds that the motion to dismiss must be granted.

## II.  Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949).  Detailed factual allegations are not required, but the facts alleged must be

sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

### III.   <u>Discussion</u>

In its motion to dismiss, Youth Services argues that the plaintiffs' claims are barred by the two-year statute of limitations applicable to personal injury actions.  In response, the plaintiffs contend that Youth Services had notice of the claim immediately after the accident when Tracy Lindh called to report it to her office.  (Pls.' Resp. ¶ 9.)  Further, the plaintiffs assert that Youth Services was duly served with a copy of the summons and the plaintiffs' first amended complaint on or about December 14, 2011.  (Pls.' Resp. ¶ 10.)  According to the plaintiffs, the relation-back doctrine of Rule 15(c) of the Federal Rules of Civil Procedure gives this Court the discretion to determine whether the effect of the statute of limitations can be avoided.  Also, the plaintiffs argue that the relation back of a personal injury action accruing from facts unknown and not reasonably discoverable to the plaintiffs may become subject to the discovery rule, which would toll the statute of limitations.  Thus, the key questions for consideration by this Court are whether the discovery rule and the relation-back doctrine are applicable.

### A.   <u>Discovery Rule</u>

With respect to the commencement of the statute of limitations under the discovery rule, courts have held:

> In tort actions, unless there is a clear statutory
> prohibition to its application, under the discovery rule
> the statute of limitations begins to run when the plaintiff knows,
> or by the exercise of reasonable diligence, should know (1) that
> the plaintiff has been injured, (2) the identity of the entity who
> owed the plaintiff a duty to act with due care, and who may have
> engaged in conduct that breached that duty, and (3) that the
> conduct of that entity has a causal relation to the injury.

Syl. pt. 4, Gaither v. City Hosp., Inc., 487 S.E.2d 901 (W. Va.

1997).  Courts apply the following five-step analysis to determine

whether a cause of action is time-barred:

> First, the court should identify the applicable statute
> of limitation for each cause of action.  Second, the
> court . . . should identify when the requisite elements
> of the cause of action occurred.  Third, the discovery
> rule should be applied to determine when the statute of
> limitation began to run by determining when the plaintiff
> knew, or by the exercise of reasonable diligence should
> have known, of the elements of a possible cause of action
> . . . .  Fourth, if the plaintiff is not entitled to the
> benefit of the discovery rule, then determine whether the
> defendant fraudulently concealed facts that prevented the
> plaintiff from discovering or pursuing the cause of
> action . . . .  And fifth, the court . . . should
> determine if the statute of limitation period was
> arrested by some other tolling doctrine.

Syl. pt. 5, Dunn v. Rockwell, 689 S.E.2d 255 (W. Va. 2009).

The plaintiffs do not contest the fact that the applicable

statute of limitations in this case is two years.  See W. Va. Code

§ 55-2-12(b) ("Every personal action for which no limitation is

otherwise prescribed shall be brought: . . . (b) within two years

next after the right to bring the same shall have accrued if it be

for damages for personal injuries[.]"); Wright v. Myers, 597 S.E.2d

295, 299 (W. Va. 2004) (stating that a personal injury action must

be instituted within two years of the underlying motor vehicle

accident); Syl. pt. 1, <u>Jones v. Trustees of Bethany College</u>, 351 S.E.2d 183 (W. Va. 1986) ("The statute of limitations ordinarily begins to run when the right to bring an action for personal injuries accrues which is when the injury is inflicted.").  The parties also do not dispute that the cause of action accrued on the date of the accident -- July 25, 2008.  This brings the Court to step three of the analysis: determining if the discovery rule should be applied.

Importantly, "[m]ere ignorance of the existence of a cause of action or of the identity of the wrongdoer does not prevent the running of the statute of limitations; the 'discovery rule' applies only when there is a strong showing by the plaintiff that some action by the defendant prevented the plaintiff from knowing of the wrong at the time of the injury."  Syl. pt. 8, <u>Robert v. West Virginia Am. Water Co.</u>, 655 S.E.2d 119 (W. Va. 2007) (quoting syl. pt. 3, <u>Cart v. Marcum</u>, 423 S.E.2d 644 (W. Va. 1992)).  This Court finds that the plaintiffs in this case have failed to make the strong showing necessary to justify the application of the discovery rule.

The only argument advanced by the plaintiffs for application of the discovery rule is the claim that they did not learn of the existence of Youth Services until they took Tracy Lindh's deposition.  Despite the fact that the original complaint was filed on July 21, 2010 and answered on December 1, 2010, the plaintiffs

8

did not take Tracy Lindh's deposition until October 27, 2011.  The
plaintiffs contend that this delay was caused by the Lindhs' move
to Sweden.   However, given the fact that the plaintiffs were
eventually able to conduct a telephonic deposition of Tracy Lindh
while she was in Sweden without, it seems, any undue hardship, this
Court finds that Tracy Lindh's living abroad does not sufficiently
explain the plaintiffs' delay in taking her deposition.  A review
of the docket reveals that the plaintiffs waited months to file
written discovery and waited over a year to take Tracy Lindh's
deposition.   During that time, the Lindhs were represented by
counsel and participated in discovery.   The involvement of Youth
Services could have been easily learned by the plaintiffs had
timely discovery requests been made.  This Court does not believe
that the discovery rule can be invoked to remedy the plaintiffs'
failure to conduct reasonable discovery in a reasonable amount of
time.

     Moving to step four of the analysis, this Court finds that the
plaintiffs have not alleged any fraudulent concealment on the part
of the defendant.  Lastly, this Court considers the relation-back
doctrine -- the other relevant tolling doctrine that the plaintiffs
argue impacts the statute of limitations period in this case.

B.   <u>Relation-Back Doctrine</u>

Rule 15(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1)  When an Amendment Relates Back.  An amendment to a pleading relates back to the date of the original pleading when:
>
>                              . . .
>
> (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>
> (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).   The Fourth Circuit Court of Appeals has stated:

> The liberal doctrine of relation-back is well established in the federal rules: Rule 15(c) is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.

<u>Cannon v. Kroger Co.</u>, 837 F.2d 660, 668 n.14 (4th Cir. 1988).

Certainly, the plaintiffs' claims against Youth Services arise out

of the same occurrence as set forth in the original pleading -- the

July 25, 2008 motor vehicle accident.  Thus, Rule 15(c)(1)(B) is

satisfied.  However, in order for the amended complaint to relate

back to the date of the original pleading, Youth Services must have

also received notice of the action within the period provided by

Rule 4(m) and had reason to know that the action would have been

brought against it, but for a mistake concerning the proper party's

identity.  Fed. R. Civ. P. 15(c)(1)(C)(i) & (ii).

Both parties acknowledge that the <u>amended</u> complaint was

properly served on Youth Services on December 14, 2011, fourteen

days after the first amended complaint was filed and almost a year

and a half after the filing of the original complaint.  Citing Rule

4(m) of the Federal Rules of Civil Procedure, which requires

service of the summons and the complaint within 120 days of the

filing of the complaint, Youth Services argues that it did not

receive timely notice of the original complaint.  The plaintiffs

seem to argue that service of the amended summons and complaint

provided Youth Services with appropriate notice under Rule 4(m).

However, because Youth Services was not aware of the action within

the 120-day period for service of summons of the original

complaint, it cannot now be joined.  See <u>Springman v. AIG Mktg.,</u>

<u>Inc.</u>, 523 F.3d 685, 690 (7th Cir. 2008) ("There can be relation

back only if the defendant realized within the period in which he

might have been sued that he should have been the one sued.  If he

11

didn't learn that until later, there is no relation back because he would assume after the service deadline passed that he was out of the woods–it would be too late for the plaintiff to add him as a defendant.").

The plaintiffs also rely on the deposition testimony of Tracy Lindh as proof that Youth Services received notice of the possibility of this action by immediately being informed of the automobile accident when it transpired.  The plaintiffs point to Tracy Lindh's admission that she "called up in the office to let them know that there had been the accident in the parking lot and that I was going to be late[]" as evidence that Youth Services should have known that an action such as this would be brought against them.  (T. Lindh Dep. 13:24-14:2, Oct. 27, 2011.)  This Court finds, however, that the fact that Tracy Lindh called her employer to inform the office that she would be late for a meeting because there had been an accident in the parking lot does not mean that Youth Services should have known that this action would be brought against it.  See Singletary v. Pennsylvania Dept. of Corr., 266 F.3d 186, 195 (3d Cir. 2001) ("[T]he notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action.").  Even if this Court did find that Youth Services had received sufficient notice of the action from Tracy Lindh's call, the plaintiffs have not presented any facts in support of their

12

contention that Youth Services will not be prejudiced from defending upon the merits.  Further, the plaintiffs have not alleged that there was a mistake concerning the proper party's identity.  Rather, they have only asserted an inability to discover the facts and circumstances of the employment status of Tracy Lindh.  (Pls.' Resp. ¶ 16.)  For these reasons, this Court finds that the relation-back doctrine is not applicable to this case, and Youth Services' motion to dismiss must be granted because the plaintiffs have failed to assert their claims within the applicable statute of limitations.

## IV.  Conclusion

For the reasons stated above, the Youth Services System, Inc.'s motion to dismiss the plaintiffs' amended complaint (ECF No. 34) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 9, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

13